ALLEN, Chief Judge.
Robert Smith appeals from an order denying the appellant’s motion, filed pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix.
The appellant had filed a petition for writ of habeas corpus, which the court treated as a motion under Criminal Procedure Rule No. 1.
The record in this case shows that the appellant was represented by the public defender’s office at all stages in the court below. After lodging the record in this court, the public defender’s office asked to be excused from further representation of the appellant, which motion was granted, as it was apparent from the appellant’s motions that that office could not properly represent him further.
The record in this case shows that the defendant-appellant was indicted for first degree murder on the 16th of December, 1964, for unlawfully, and from a premeditated design, effecting the death of John L. Blossom with a gun. The record further shows that on the 30th day of December, 1964, the appellant appeared in person and with counsel, was arraigned in open court on the indictment, and entered a plea of not guilty. The case was set for trial for February 8, 1965.
On February 8, 1965, there was a substitution of a plea of nolo contendere for the plea of not guilty, with the appellant, Robert Smith, being there in person and with counsel. Said counsel moved the court for *459 permission to withdraw the former plea of not guilty and enter a plea of nolo conten-dere to the charges contained in the indictment. The court advised the appellant as to the meaning and possible consequences of a nolo contendere plea. The court further inquired of the defendant-appellant if there were any inducements, promises of leniency or promise of probation or any other inducements offered him to influence his plea, to which he replied' that there were not and that his plea was voluntarily and freely given.
The transcript of the proceedings taken on the 8th of February, 1965, shows the circuit judge discussed with the appellant, Robert Smith, and his counsel, the filing of the plea of nolo contendere. During this hearing the public defender stated to the court that he had discussed with appellant in detail the situation with which he was now confronted. He stated he had explained the fact that the state would not accept a plea of guilty to a lesser-included offense, and further explained to him his rights and obligations and liabilities under a plea of nolo contendere to a charge of first degree murder. The court then inquired of the appellant Smith if this was correct, and he said it was correct. The court then stated:
“Understand, Robert, this plea of nolo contendere means that you are ready to take what the Court passes out. You sort of hope it will be easy.
“THE DEFENDANT: Yes, I hope it will be easy.
“THE COURT: But that you are not, you are not contesting the State’s case. You are for all practical purposes throwing yourself on the mercy of the Court.
“THE DEFENDANT: Yes, sir.
“THE COURT: And I have discussed this with your counsel and with the State’s Attorney, and under the circumstances if such a plea is entered, it will have to be entered in the courtroom afterwards. I will not order the infliction of the death penalty.”
Then the defendant’s counsel asked Smith if he understood that and Smith replied, “yes, sir.”
The court again questioned the appellant Smith and gave him permission to withdraw his not guilty plea and permitted him to enter a plea of nolo contendere. The court then stated:
“ * * * Now, Robert, we talked about this awhile in my office, but I want to make sure you understand what’s happening. You were charged with first-degree murder in killing your son-in-law.
“THE DEFENDANT: That’s right.
“THE COURT: The Court has been shown a copy of the statement that it’s stated that you gave the police as to the circumstances. Your counsel and the attorney — the State’s Attorney have discussed with me in part the facts of the case. You understand that a plea of nolo contendere means that you are in layman’s language willing to take what the Court says.
“THE DEFENDANT: Yes, sir.
“THE COURT: You are not contesting the case.
“THE DEFENDANT: Yes.
“THE COURT: You do admit that you killed your son-in-law and are hoping for mercy of the Court.
“THE DEFENDANT: Yes, sir.
“THE COURT: Is that right? Did you kill your son-in-law?
“THE DEFENDANT: Yes, sir.
“THE COURT: And under the circumstances the Court is going to be as lenient as the Court can be and not do as the Court would have the right to do and sentence you to the electric chair. I don’t feel that that’s warranted under the circumstances of this killing as I *460 have been advised of them by the attorney and by your own written statement. Therefore, in view of the plea of nolo contendere, Robert Smith, I now adjudge you to be guilty of the crime of murder in the first degree, and sentence you to serve the balance of your life in the State Penitentiary, and I’m sure that you have the hope that ultimately the proper authorities will see fit to shorten that sentence.”
Thereafter, the court entered its judgment finding the defendant guilty of murder in the first degree and ordered him committed for the term of his natural life.
On July 12, 1965, Robert Smith, the appellant, filed a petition for writ of habeas corpus in which various charges were made relative to the validity of his plea of nolo contendere; that he did know what the plea meant, and was not advised as to the plea, etc. The court treated the petition for writ of habeas corpus as a motion under Criminal Procedure Rule No. 1. The court, in its order, entered the 30th day of August, 1965, said:
“This cause came on to be heard on defendant’s Motion filed pursuant to Criminal Procedure Rule No. 1; and it appearing that the Motion and the records conclusively show that the defendant is entitled to no relief; * * * it is//thereupon
“ORDERED AND ADJUDGED that said Motion be, and the same hereby is, denied.”
In the case of Peel v. State, Fla. App. 1963, 150 So.2d 281, this court held that a plea of nolo contendere is construed, for all practical purposes in the case in which it is given, as a plea of guilty.
The defendant-appellant in the instant case could have been tried on his plea of not guilty and, if the decision of the jury was adverse to him, he could have been sentenced to the electric chair.
We find nothing improper that was done by the court below in this record and, as we have hereinbefore shown, the defendant was advised by the trial judge of the consequences of a plea of nolo contendere. We, therefore, hold that the court below correctly denied the appellant’s motion for post-conviction relief.
Affirmed.
SHANNON and LILES, JJ., concur.