233 So.2d 148 (1970)
Stroman RUSSELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2521.
District Court of Appeal of Florida, Fourth District.
March 20, 1970.
Rehearing Denied April 15, 1970.
*149 Louis R. Bowen, Jr., Public Defender, and Edward G. Helvenston, Asst. Public Defender, Orlando, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, for appellee.
McCAIN, Judge.
Appellant-defendant appeals a final judgment of guilt and sentence thereon for the offense of robbery. We reverse.
Defendant was represented by the public defender and at arraignment entered a plea of nolo contendere which was followed by the judgment and sentence appealed.
The arraignment and plea colloquy consists of the following:
"THE CLERK: Information Number 68-00443, State of Florida versus Stroman Russell. Counsel for the Defendant, Mr. Fred Hitt.
"MR. HITT: Your Honor, Defendant will waive the reading of the Information and will enter a plea of Nolo Contendere at this time.
"THE COURT: Did you explain to the Defendant the nature of a plea of Nolo Contendere, Mr. Hitt?
"MR. HITT: Yes, Your Honor, I did.
"THE COURT: Do you understand that excepting in rare circumstances where you do not contest the truth of the charge that the Court has no alternative other than the finding of guilt from this plea. Do you understand that?
"THE DEFENDANT: Yes, sir.
THE COURT: Do you understand that entering this plea means that you do not argue with the truth of the charge against you?
"THE DEFENDANT: Yes.
"THE COURT: You do understand that?
"THE DEFENDANT: Yes, sir."
Defendant alleges error by the trial court accepting his plea without first determining it was made voluntarily and with an understanding of the nature of the charge.
A plea of nolo contendere is construed for all practical purposes as a plea of guilty and in essence waives trial by jury and places the defendant at the mercy of the court.[1]
The foregoing colloquy establishes that the defendant knowingly entered his plea of nolo contendere, but when viewed under all requirements of our plea rule,[2] it does not demonstrate that defendant's plea was voluntary or that he understood the nature of the charge against him.
The problems encountered by a trial court in accepting a plea of guilty or nolo contendere are becoming more involved in an ever widening estuary of construction which *150 causes this phase of a case to be highly deserving of red flag treatment.[3]
Accordingly, in this instance we vacate the judgment and sentence, and remand this cause to the trial court for the purpose of allowing the defendant to withdraw the plea of nolo contendere and to plead anew.
Reversed and remanded.
REED and OWEN, JJ., concur.
NOTES
[1] Smith v. State, Fla.App. 1966, 184 So.2d 458; Peel v. State, Fla.App. 1963, 150 So.2d 281 (cert. den. 380 U.S. 986, 85 S.Ct. 1359, 14 L.Ed.2d 279); Smith v. State, Fla. 1967, 197 So.2d 497.
[2] F.R.Cr.P. 1.170(a), 33 F.S.A. states "A defendant may plead not guilty, guilty, or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty or nolo contendere, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge."
[3] Michener v. United States, 8 Cir.1950, 181 F.2d 911; United States v. Denniston, 2 Cir.1937, 89 F.2d 696; United States v. Diggs, 6 Cir.1962, 304 F.2d 929, and cases therein cited; Domenica v. United States, 1 Cir.1961, 292 F.2d 483; Julian v. United States, 6 Cir.1956, 236 F.2d 155; and Wade v. Wainwright, 5 Cir.1969, 420 F.2d 898, opinion filed December 23, 1969.