PER CURIAM.
Defendant alleges that the trial court erred in accepting his plea of nolo con-tendere without first determining whether such plea was voluntarily made.[1] Although it might be inferred from the record that defendant’s plea of nolo con-tendere to a lesser included offense as a result of plea bargaining was freely and voluntarily made, the plea colloquy when viewed under the requirements of our plea rule does not demonstrate that defendant’s plea was voluntary. See Rule 3.170(a), F.R.Cr.P.[2] See also Costello v. State, Fla.1972, 260 So.2d 198; Russell v. State, Fla.App.1970, 233 So.2d 148; McPherson v. State, Fla.App.1970, 237 So.2d 18. Cf. Kelly v. State, Fla.App.1971, 254 So.2d 22.
The judgment appealed from is reversed with directions to set aside the plea of nolo contendere as entered with the entry of a new plea and further proceedings in accordance therewith.
Reversed.
REED, C. J., and OWEN and MAGER, JJ., concur.

. The pertinent portions of the plea colloquy consist of tiie following:
“THE COURT: Mr. Thomas, you understand what has just gone on here?
“TIIE DEFENDANT : Yes, sir.
“THE COURT: Do you agree?
“THE DEFENDANT: Yes, sir.
“THE COURT: You have been advised by Mr. Adams, your counsel?
“THE DEFENDANT: Yes, sir.
‘THE COURT : Are there any questions that you might have?
“THE DEFENDANT: No, sir.
“THE COURT: Any doubts that you might have?
“THE DEFENDANT: No, sir.
“THE COURT: All along have you been fully advised of your rights?”

. Amended and new Rules of Criminal Procedure will become effective on February 1, 1973. Attention is invited to Rule 3.170(j), 33 F.S.A., of such new rules.