HOBSON, Judge.
Appellant Wooff pled nolo contendere to charges of auto theft and escape on November 8, 1973. After inquiry, the trial court accepted the pleas and imposed a sentence of five years’ imprisonment on •the car theft charge and passed to the absentee docket the escape charge. Wooff contends that the inquiry was inadequate to make a determination that the circumstances surrounding the pleas reflected a full understanding of the significance of the pleas and their voluntariness, as required by Rule 3.170(j) RCrP.
The record reflects that at the time of accepting the pleas the trial court failed to make sufficient inquiry to determine that the pleas were voluntarily made free from any threat, intimidation, coercion, promise or inducement of any kind, and with full understanding of the significance of the pleas. Rentfrow v. State, Fla.App.4th 1974, 293 So.2d 376; Thomas v. State, Fla.App.4th 1973, 273 So.2d 773; Russell v. State, Fla.App.4th 1970, 233 So.2d 148.
The judgment and sentence are reversed and the cause remanded to the trial court with directions to set aside the pleas of nolo contendere and to permit Wooff to plead anew on both charges.
Reversed and remanded.
McNULTY, C. J., and BOARDMAN, J., concur.