PER CURIAM.
The appellant appeals two judgments and sentences entered on a plea of nolo conten-dere.
The law is clear that before a trial court accepts a plea of nolo contendere it must first determine that the plea is being entered voluntarily and that the defendant understands the consequences of such a plea. Fla.R.Crim.P. 3.170(j); Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Williams v. State, 316 So.2d 267 (Fla.1975).
The record before this court contains a short transcript of an initial plea hearing at which the appellant was not asked a single question. His counsel stated that appellant was pleading nolo contendere with the understanding that he was to receive a sentence of one year’s probation. The trial judge stated that he neither accepted nor rejected the plea bargain.
The sentencing hearing was not preserved at all.[1] Appellant was sentenced to two years probation on both counts to run concurrently.
The record is clearly devoid of the colloquy that is required to show voluntariness and understanding of the consequences of the plea. It also appears that the sentence is at variance with the plea bargain.
Appellant contends that the trial court erred in denying his motion to suppress. The record-on-appeal does not include the transcript of the hearing on the motion to suppress. Therefore, we cannot consider this point.
Accordingly, the judgments and sentences are vacated and the case is remanded for a hearing on the voluntariness of the plea. If the plea is found to be voluntary and is acceptable, the trial court shall resen-tence the appellant in accordance with the plea bargain. If the plea bargain is rejected by the court, the court shall allow the appellant to withdraw his plea.
HOBSON, Acting C. J., and GRIMES and SCHEB, JJ., concur.

. It is the duty of the trial court to ensure that a record of the sentencing hearing is preserved. Fla.R.Crim.P. 3.721.