## STEINERT v STATE OF FLORIDA

### Case No. 84-157 AC

Eleventh Judicial Circuit, Appellate Division, Dade County

January 14, 1987

### APPEARANCES OF COUNSEL

**Harvey Watnick** for appellant.

**Jim Smith,** Attorney General, and **Steven T. Scott,** Assistant Attorney General, for appellee.

Before SIMONS, SALMON, ROBINSON, JJ.

### OPINION OF THE COURT

STEVEN D. ROBINSON, Judge.

This appeal is directed to the trial court's denial of defendant's motion to set aside his plea.

Defendant's attorney filed a written plea at arraignment, February 2, 1984, of nolo contendere to the charges of being an electrical contractor and a plumbing contractor without a certificate of occupancy. On May 25, 1984, the Trial Judge sentenced the defendant to a concurrent sixty day jail sentence.

The defendant alleged in his motion that he was unaware of the full consequences of his actions, did not enter his plea freely and voluntarily and that no full plea colloquy occurred. The record in this case bears out the truth of these allegations. There is no indication that the defendant knew either the possible maximum penalties or that he could possibly receive them.

The trial court made no finding that the plea was entered into freely and voluntarily. It could not have done so, as there is no colloquy with the defendant at all. In fact the record is not clear whether the defendant was even present. "We cannot presume a waiver of important federal rights from a silent record." *Boykin v. Alabama*, 395 U.S. 238; 89 S.Ct. 1709, 1712; 23 L.Ed. 2d 274 (1969). Setting aside a plea under these circumstances is consistent with the cases, *A.E.K. v. State*, 432 SO.2d 720 (Fla. 3d DCA 1983) and *Archival v. State*, 340 So.2d 546 (Fla. 2d DCA 1976) and *Wooff v. State*, 303 So.2d 49 (Fla. 2d DCA 1974) and does prevent a manifest injustice, *Williams v. State*, 316 So.2d 267 (Fla. 1975).

The Judgment and Sentence are reversed and the cause remanded to the trial court with directions to set aside the pleas of nolo contendere and to permit Steinert to plead anew on the two charges.

SIMONS and SALMON, JJ., concur.