FRANK, Judge.
The former wife challenges several aspects of the final judgment entered in this dissolution matter. We affirm in part and reverse in part.
The former wife challenges the award of custody of the parties’ two minor children to the former husband. Our review of the record discloses no basis upon which to disturb the trial court’s exercise of discretion. Sherrod v. Sherrod, 448 So.2d 1234 (Fla. 1st DCA 1984). Her remaining issues on appeal focus mainly on the trial court’s determination to decrease the lump sum award and the inadequacy of the $500 per month rehabilitative alimony.
We disagree with the trial court’s reduction, in an amount unascertainable from the final judgment, of the lump sum alimony. That determination was grounded upon the former wife’s allegations of child abuse which the trial court perceived as financially burdening the former husband. The former husband was required to employ experts to refute the former wife’s claims of child abuse. The record, however, supports the view that the former wife undertook only those actions that any parent would take in the face of a sincere belief that her child had suffered abuse. The record points up that the former wife did not want to believe that the former husband was engaging in such conduct. The fact that this matter ultimately ended up in the hands of law enforcement was the result of the examining physician’s actions, not the former wife’s. We have concluded that the trial court abused its discretion in penalizing the former wife for diligently pursuing the possibility of child abuse. Upon remand, the trial court is to reevaluate the lump sum award and the rehabilitative alimony in the light of our comments.
*36 Finally, the trial court did not abuse its discretion in failing to award attorney’s fees. The former husband paid the former wife $7,500 for attorney’s fees during the dissolution. At the final hearing, however, the former wife presented absolutely no evidence concerning her entitlement to additional funds for attorney’s fees. Prevatt v. Prevatt, 462 So.2d 604 (Fla. 2d DCA 1985).
This matter is remanded for proceedings consistent with this opinion.
SCHOONOVER, C.J., and DANAHY, J., concur.