NIMMONS, Judge.
The appellant/former wife appeals from the trial court’s order denying her motion to abate the court’s previous order finding her to be in contempt of court. We reverse.
On September 12, 1986, the trial court rendered a final judgment dissolving the marriage between the former wife and the appellee/former husband. The final judgment ordered the former wife to vacate the parties’ marital home and surrender possession of the premises to the former husband. The final judgment did not state how the personal property of the parties was to be divided.
On September 18, 1986, the trial court held a hearing on the former husband’s motion to compel the return of his personal property. The order rendered on October 22, 1986, states that both parties testified that they did not have the items in their possession and that they did not have any knowledge as to the location of the items. Based thereon, the trial court denied the former husband’s motion to compel.
On November 14, 1989, the former husband filed a motion for contempt alleging that he took photographs of his personal property at the appellant’s residence. On January 12, 1990, the trial court issued an order finding the appellant to be in contempt of court because she “intentionally mislead [sic] the Court when she testified on previous occasions that she did not remove the items from the martial [sic] home.” The court also stated that “the intentional misleading of the Court constitutes grounds for contempt of Court.”
On June 11, 1990, the trial court entered an order sentencing the appellant to 178 days in jail for contempt. The order provided that the contempt could be purged by paying $75.00 per month until she paid off the value of the appellee’s personal property, which was determined by the trial court to be $10,000.00.
In Faircloth v. Faircloth, 321 So.2d 87 (Fla. 1st DCA 1975), the court addressed the distinctions between criminal and civil contempt. The court held that the sole purpose of criminal contempt is to vindicate the authority of the court or punish for conduct which is offensive to the public in violation of an order of the court. When imprisonment is ordered for criminal contempt, it is generally for a fixed period of time and is administered as punishment for an act. Id. at 89-90. Conversely, the primary purpose of civil contempt is to secure compliance with the court’s order for the benefit of the offended party. If the contempt consists of engaging in forbidden conduct which is injurious to the other party, the contempt may be characterized as criminal. Imprisonment may be imposed in a civil contempt proceeding, but it is coercive rather than punitive and the sentence is usually indefinite, contingent upon compliance with the court’s order. See Demetree v. State, 89 So.2d 498 (Fla. 1956). According to Faircloth, a contempt commitment which issues as a result of a party’s failure to comply with the requirements of a final judgment of dissolution of marriage is a civil contempt unless failure to comply consists of engaging in a forbidden act which is injurious to the opposing party.
In the case at bar, the trial court found the appellant in contempt for intentionally misleading the court regarding her knowledge of the whereabouts of the ap-pellee’s property. Under Rule 3.830, Flor *768 ida Rules of Criminal Procedure, a direct criminal contempt is summarily punishable without a trial if the court saw or heard the conduct. In the instant case, the trial court appears to have exercised its contempt authority in order to punish the appellant for misleading the court, which constitutes direct criminal contempt.
Under Rule 3.830, the judgment of guilt of contempt shall include a recital of the facts upon which the adjudication of guilt is based. Prior to adjudication, the judge must inform the defendant of the accusations and permit him to make an excuse or present evidence of mitigating circumstances. In the case at bar, there is no evidence in the record that the trial court complied with the procedural requirements for prosecuting a direct criminal contempt.
If the contempt is characterized as civil, it still cannot lie because civil contempt is based on a party’s failure to comply with a court’s order for the benefit of the opposing party in a civil action. In the instant case, the trial court’s order clearly did not find the appellant in contempt for failing to comply with any previous orders. Further, the final judgment of dissolution did not establish how the parties’ property was to be divided, and there was no prior order requiring the appellant to return the appellee’s property. Thus, the appellant did not fail to comply with an order of the court. Therefore, the trial court’s contempt order must be reversed.
The appellant also asserts that the trial court erred in awarding the former husband attorney’s fees because the appellant did not violate an order of the trial court. Section 61.16, Florida Statutes (1989), allows the court to order a party to pay attorney’s fees, suit money, and the cost to the other party of maintaining or defending any proceeding under Chapter 61, including enforcement and modification proceedings. Thus, the trial court’s award of attorney’s fees to the appellee must be reversed because there is no underlying order arising out of the final judgment of dissolution that can be enforced.
Accordingly, we reverse the trial court’s order without prejudice regarding the institution of proper contempt proceedings.
BARFIELD and MINER, JJ., concur.