588 So.2d 20 (1991)
Mary Ann CHAMBERLAIN, a/k/a Mary Ann Nichols, Appellant,
v.
Russell G. CHAMBERLAIN, Appellee.
No. 90-2697.
District Court of Appeal of Florida, First District.
October 21, 1991.
*21 Richard M. Powers of Richard M. Powers, P.A., Tallahassee, for appellant.
Michael A. Flowers of Chesser, Wingard, Barr, Whitney, Flowers and Fleet, P.A., Shalimar, for appellee.
SHIVERS, Judge.
This appeal is from a final order revoking the former wife's award of rehabilitative alimony and incarcerating her for contempt. We affirm the revocation of rehabilitative alimony and reverse the contempt order.
The Chamberlains were married in 1984 and divorced on February 5, 1990. The final judgment for dissolution of marriage provided in part that (1) Russell Chamberlain shall pay rehabilitative alimony, and (2) Russell Chamberlain shall receive all personal property in his possession as well as all personal property and inheritance which he had prior to the marriage.
On February 23, 1990, the former husband Russell Chamberlain returned home to find that his home had been emptied. All the personal property and inheritance which was to remain with him under the divorce decree was gone, including light fixtures, ceiling fans and shower heads. The words "SINK OR SWIM" were painted onto the front door. Mr. Chamberlain was certain Mrs. Chamberlain took the missing items; and apparently the sheriff's office agreed since they would not investigate the `civil' matter.
On March 23, 1990, the former wife, Mary Ann Chamberlain, filed a pro se motion for contempt on the ground the former husband did not pay February alimony. On April 17, 1990, the former husband filed a motion for contempt and to deny alimony on the ground the former wife either disposed of or failed to deliver the former husband's property.
The former wife filed a request for court-appointed counsel. The record does not indicate whether the request was ruled upon; but the order on appeal states the former wife appeared before the trial court unrepresented by counsel.
After a hearing on the former wife's motion for contempt and the former husband's motion for contempt and motion to *22 deny alimony, the former wife was remanded to county jail on June 19, 1990, to serve 30 days for contempt. The hearing was not recorded.
The former wife was released on July 13, 1990. On July 17, 1990, after the incarceration, the trial court entered a written order relieving the former husband of his alimony obligation "and any such other financial responsibility as outlined in the Final Judgment for Dissolution of Marriage," and finding the former wife
in contempt of this Court for knowingly removing items awarded to the Former Husband in the Final Judgment for Dissolution of Marriage from the marital home and testifying contradictory of these facts to the Court... . The Former Wife shall be incarcerated in the Okaloosa County Jail for a period of 30 days for knowingly testifying falsely to this court.
The former wife obtained counsel to appeal the July 17, 1990 order. She argues on appeal that (1) a modification of alimony requires a showing of a change in circumstances regarding the financial ability of either party, and (2) the record does not demonstrate the trial court complied with Florida Rule of Criminal Procedure 3.830 when it found the former wife in contempt. Rule 3.830 states in part
The judgment of guilt of contempt shall include a recital of those facts upon which the adjudication of guilt is based. Prior to the adjudication of guilt the judge shall inform the defendant of the accusation against him and inquire as to whether he has any cause to show why he should not be adjudged guilty of contempt by the Court and sentenced therefor. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment shall be signed by the judge and entered of record. Sentence shall be pronounced in open court.
Florida Rule of Appellate Procedure 9.200(e) states "[t]he burden to ensure that the record is prepared and transmitted in accordance with these rules shall be on the ... appellant." If the record is insufficient to demonstrate reversible error, the case must be affirmed. JOA Corp. v. Lamerica Realty Co. of Miami, 435 So.2d 972 (Fla. 3d DCA 1983); see also, City of Hialeah v. Cascardo, 443 So.2d 448 (Fla. 1st DCA 1984). Because the hearing which resulted in the revocation of rehabilitative alimony was not recorded, there is no way to know what evidence was presented or which issues are preserved; and there is no basis on which to find the trial court abused its discretion in revoking the former wife's rehabilitative alimony. We therefore affirm the trial court's revocation of rehabilitative alimony.
However, the court's order adjudging the wife in contempt is of record. In our examination of such an order, we initially decide the nature of the contempt adjudged. In this case, we determine whether the order is for civil or criminal contempt. In contempt cases we often also need to decide whether the contempt is direct or indirect.
The cause in which the contempt arises is not determinative. Criminal or civil contempt occurs in criminal or civil matters.
If the purpose of the proceedings is to coerce action or non-action by a party, the order of contempt is characterized as civil. This type contempt proceeding is ordinarily instituted by one of the parties to the litigation who seeks to coerce another party to perform or cease performing an act. The order of contempt is entered by the court for the private benefit of the offended party.
Pugliese v. Pugliese, 347 So.2d 422, 424 (Fla. 1977); see also Demetree v. State, 89 So.2d 498 (Fla. 1956); Faircloth v. Faircloth, 321 So.2d 87 (Fla. 1st DCA 1975); and In re S.L.T., 180 So.2d 374 (Fla. 2d DCA 1965).
Every civil contempt sentence to confinement must contain a purge provision giving respondent the key to his own jail confinement. Allman v. Johnson, 488 So.2d 884 (Fla. 5th DCA 1986). This is true even though the sentence is for a fixed period. Since the trial court's order did not contain a purge provision by which the *23 former wife could automatically be released from contempt and released from confinement upon compliance with the order, we conclude the sentence was not a civil contempt one.
A sentence for criminal contempt, unlike civil contempt, is punitive rather than coercive in nature. Its primary purpose is to punish for offensive conduct against the court, its judgments, orders, or processes. If an act deemed contemptuous is committed in the immediate presence of the court it is direct contempt. If a contemptuous act is not committed in the presence of the court or if it cannot be detected by the court's own senses, it is indirect contempt.
The trial court found that the former wife was to be incarcerated "for knowingly testifying falsely to this court." It appears that the punishment was intended to be for direct criminal contempt. In such case there must be evidence in the record that the trial court complied with the procedural requirements of Fla.R.Crim.P. 3.830, supra for prosecuting a direct criminal contempt. Bontrager v. Sessions, 582 So.2d 766 (Fla. 1st DCA 1991). The trial court must "ensure that a record of the entire sentencing proceeding is made and preserved in such a manner that it can be transcribed as needed." Fla.R.Crim.P. 3.721; Archinal v. State, 340 So.2d 546 (Fla. 2d DCA 1976). Both parties state in their briefs that the hearing on the contempt proceedings was not recorded. We therefore reverse the order of contempt.
AFFIRMED in part and REVERSED in part.
WOLF, J. and CAWTHON, S.J., concur.