SHIVERS, Judge.
The former Wife appealed the orders of the trial court denying her request for an award of attorney’s fees and costs. The standard of review of an order denying attorney’s fees is whether the trial court abused its discretion. Lord v. Lord, 566 So.2d 35 (Fla. 2d DCA 1990); Deakyne v. Deakyne, 460 So.2d 582 (Fla. 5th DCA 1984). Because of the lack of an adequate record to review, we have no basis on which to find that the lower tribunal abused its discretion in denying Appellant’s motions for attorney’s fees. Chamberlain v. Chamberlain, 588 So.2d 20, 22 (Fla. 1st DCA 1991); Starks v. Starks, 423 So.2d 452 (Fla. 1st DCA 1982). Accordingly, we affirm.
An evidentiary hearing was conducted on December 12, 1990, and was continued on March 20, 1991. No transcript was made of either hearing. In its Order On All Pending Motions, filed on April 1, 1991, the trial court increased the amount of child support to be paid to the former Wife by Appellee, the former Husband. Appellant’s request for attorney’s fees was denied. Appellant moved for rehearing on several issues, including attorney’s fees. No court reporter was present at the resulting hearing held on May 28, 1991. In its Order On Former Wife’s Motion For Rehearing, filed on June 17, 1991, the trial court recalculated the amount due for child support but denied the former Wife’s motion in all other respects, including the request for attorney’s fees.
Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979), stands for the well-established proposition that “[i]n appellate proceedings the decision of a trial court has the presumption of corrects ness and the burden is on the appellant to demonstrate error.” In that cause, as in the case sub judice, we, as the reviewing court, lacked the benefit of a trial transcript or a proper substitute. Reviewing our decision, which had reversed the trial *100 court’s imposition of a constructive trust, the Florida Supreme Court stated that the trial court’s decision should have been affirmed because the record provided by the appellant was “inadequate to demonstrate reversible error.” Id. Cf. Holmes v. Holmes, 578 So.2d 323 (Fla. 4th DCA 1991) (despite absence of a transcript or a stipulated or reconstructed record, appellate court reversed a “facially erroneous” dissolution judgment).
We are faced with the same problem here. Fla.R.App.P. 9.200(e) places the burden on the appellant “to ensure that the record is prepared and transmitted in accordance with these rules.” The parties attempted to comply with the alternative provisions set forth in Rule 9.200(b)(4) for proposed statements or partial statements of the evidence and submitted conflicting accounts of facts raised at hearing. Based on its understandable inability to recall all the testimony that had been presented, the trial court was unwilling to agree on the Motion For Settlement and Approval Of The Statement Of Evidence. Given the circumstances presented here, we cannot agree with Appellant’s argument that the trial court erred in declining to accept the parties’ conflicting statements of fact. Clayton v. Clayton, 442 So.2d 310 (Fla. 1st DCA 1983).
AFFIRMED.
SMITH and KAHN, JJ., concur.