GOSHORN, Judge,
dissenting.
I respectfully dissent. The trial court’s order on child support comes to this court clothed with a presumption of correctness and the appellant has the burden to bring forward a record that demonstrates reversible error or an abuse of discretion. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979); Fenner v. Fenner, 599 So.2d 1343, 1345 (Fla. 4th DCA), appeal dismissed & review denied, 613 So.2d 3 (Fla.1992); Moore v. Moore, 512 So.2d 1141, 1141 (Fla. 1st DCA 1987). The appellant here has failed to carry its burden.
In lieu of a transcript of the hearing below, appellant prepared a document entitled “Appellant's Statement of Evidence,” to which the appellee apparently never responded.[1] Upon appellant’s motion to approve the statement of the evidence, the trial court stated that it had no independent recollection of the hearing and neither approved or disapproved the proposed statement, but merely ordered the statement filed. An appellate court should reject a statement of the evidence that fails to comply with the requirements of Florida Rule of Appellate Procedure 9.200(b)(4), which provides the procedure for establishing a statement of the evidence or proceedings when no transcript is available. See Walt v. Walt, 596 So.2d 761, 762 (Fla. 1st DCA 1992); See also Hoover v. Sprecher, 610 So.2d 99, 100 (Fla. 1st DCA 1992); Wright v. Wright, 431 So.2d 177, 178 (Fla. 5th DCA 1983). Accordingly, I would reject the document proffered by appellant and conclude that the record on appeal in this case contains neither a transcript of the hearing nor an approved statement in compliance with Rule 9.200(b)(4). Because the record on appeal does not support appellant’s argument that the trial court abused its discretion by deviating from the support guidelines, I would affirm the trial court’s order.[2]
Not only do I find that the record on appeal does not support reversal, I further find that one of the trial court’s reasons for departure is valid and convincing and on that ground alone, I would affirm. The majority concedes that the court complied with the law by entering a written order explaining its reasons for deviating from the child support guidelines. See § 61.-30(l)(a), Fla.Stat. (1991) (providing that the trier of fact may order child support payments in a different amount from the guidelines upon a specific finding which explains why ordering the guidelines amount would be “unjust or inappropriate”). In this case, one of the express reasons stated by the trial court to explain its deviation from the guidelines was “unrealistic net income.”
The only evidence in the record on the issue of the appellee’s income is a one-page computer generated report, entitled “Support Guideline Calculations,” which was prepared by appellant before the hearing to allege the amount of monthly child support due by the parents under the child support *581 guidelines. This report asserted that $1,039 was the amount of the appellee’s gross income, without any support or explanation other than the following handwritten notation, which appears at the bottom of the report: “NCP-6hr x 40 = 240 X 4.33 =1039.” A fair reading of the trial court’s reason for deviation shows that whatever evidence was presented at the hearing convinced the trial judge that the appellee’s net income as assessed by appellant was unrealistic. Because the record does not demonstrate that the trial court’s ruling was not within the evidence presented at the hearing, the order should be affirmed.

. The appellant originally filed the petition for support in Oklahoma, pursuant to URESA (the Uniform Reciprocal Enforcement of Support Act). Even though the record indicates that the appellee resides in Deland, Florida, where HRS served the notice of appeal on the appellee by mail, HRS purportedly served the statement of the evidence and the motion to approve it on the appellee by mail to a different address in Mantón, Michigan.

. Contrary to the assertion of the majority, the trial court made no determination that the ap-pellee had a net monthly income of $859. No such finding is in the court’s order nor does the record contain a transcript from which we could determine if the court made such a finding at the hearing on the appellant's petition for support.