347 So.2d 453 (1977)
John Wilbur CRITCHLOW, Appellant,
v.
Cynthia Bruce CRITCHLOW, Appellee.
No. 77-492.
District Court of Appeal of Florida, Third District.
June 28, 1977.
*454 Marks, Keith, Mack, Lewis & Allison and John R. Allison III, Miami, for appellant.
Paul G. Block, Miami, for appellee.
Before BARKDULL, HAVERFIELD and NATHAN, JJ.
HAVERFIELD, Judge.
Appellant John Critchlow, seeks review of a protective order preventing him from deposing his wife's treating physicians in this child custody contest arising out of a dissolution of marriage action.
Cynthia Critchlow, appellee, filed a petition for dissolution of marriage and prayed that custody of the parties' 3 1/2 year old child, Kelli, be awarded to her. John filed a counterpetition; but did not challenge Cynthia's prayer for custody of Kelli. Cynthia subsequently was committed to a hospital for mental treatment and with leave of court, John filed an amended counterpetition seeking custody of Kelli due to Cynthia's mental health. Thereafter, the parties agreed to the appointment of Dr. Richard Greenbaum, psychiatrist, to render a professional opinion as to which party is best suited to have care and custody of Kelli. After individually interviewing John, Cynthia and Kelli, Dr. Greenbaum submitted his report recommending that Cynthia be awarded custody. Pursuant to stipulation of respective counsel, each party obtained copies of Cynthia's hospital records. Upon motion, the trial court entered an order authorizing John to take the depositions of Drs. Bond, O'Lone and Greenbaum, Cynthia's treating physicians. Cynthia did not object to this order and her counsel attended the deposition of Dr. Greenbaum by John's counsel. Upon stipulation of respective counsel, the judge entered an agreed order authorizing John to depose Dr. Koenig, Cynthia's childhood physician. Subsequently, an order was entered granting John temporary custody of Kelli and enjoining Cynthia from attempting to remove Kelli from John's care. Cynthia then filed (1) a motion for protective order requesting that the depositions of Drs. Bond, O'Lone and Koenig not be taken, and (2) a motion to set aside the temporary custody order. After a hearing, the trial court entered an order denying the motion to set aside the temporary custody order; but granted the motion for a protective order. John appeals the entry of the protective order. We reverse.
Cynthia made no objection to the order authorizing the depositions of Drs. Bond, O'Lone and Greenbaum and even stipulated to the order authorizing the deposition of Dr. Koenig. Thus, we find that Cynthia waived any privilege with respect to the testimony of her treating physicians. Cf. Savino v. Luciano, 92 So.2d 817 (Fla. 1957); Tibado v. Brees, 212 So.2d 61 (Fla.2d DCA 1968).
In addition, this case falls within the exception to the privileged communication between a psychiatrist and his (or her) patient as set out in Section 90.242(3)(b), Florida Statutes (1975):
"90.242 Psychiatrists as witnesses; nondisclosure of communications with patient
"(3) There shall be no privilege for any relevant communications under this section:
* * * * * *
"(b) In a criminal or civil proceeding in which the patient introduces his mental condition as an element of his claim or defense, or, after the patient's death, when said condition is introduced by any party claiming or defending through or as a beneficiary of the patient. Laws 1965, c. 65-404, § 1, eff. June 25, 1965."
In her petition for dissolution of marriage, Cynthia alleges that she is a fit and proper person to have custody of Kelli. After her voluntary commitment to the hospital for mental treatment, John filed a motion for leave to amend his counterpetition *455 to reflect that Cynthia is not a fit and proper person to have custody because of her current emotional instability. At a hearing on this motion to amend, the issue of Cynthia's mental condition was injected into the proceedings and Cynthia's counsel (upon ore tenus motion) agreed to the appointment of a psychiatrist to examine her and John, and to render a professional opinion as to which party is best suited to have custody thereby introducing Cynthia's mental condition as an element of her claim for Kelli's custody.
We also find that Roper v. Roper, 336 So.2d 654 (Fla. 4th DCA 1976) relied upon by Cynthia is not controlling because in the instant case, in contrast to Roper, Cynthia's mental health is a highly relevant issue.
Further, in a dissolution of marriage proceeding where the issue of child custody is presented, it is incumbent upon the chancellor to evaluate, among other crucial factors, the mental health of each of the parents in making a final custody determination which is in accord with the best interest of the minor child or children. See Section 61.13(3)(g), Florida Statutes (1975). In light of Cynthia's voluntary commitment for treatment of her mental condition, Cynthia's mental health is vital to a proper determination of permanent custody and, therefore, Section 90.242, Florida Statutes (1975) creating the patient-psychiatrist privilege cannot be invoked under the facts in this child custody case.
Accordingly, the protective order appealed is reversed and the cause remanded to the trial court to enter an order authorizing John to take the depositions of Cynthia's treating physicians; but limiting the scope of those examinations to communications, diagnosis and treatments insofar as Cynthia's mental and emotional state relates to her fitness as a mother.
Reversed and remanded with directions.