353 So.2d 923 (1978)
Bruce Arthur BARNHILL, Appellant,
v.
Rosemary Cooper BARNHILL, Appellee.
No. 77-321.
District Court of Appeal of Florida, Fourth District.
January 4, 1978.
*924 Robert G. Petree of Bornstein, Petree & Shader, P.A., Orlando, for appellant.
Charles R. Colbrunn, Orange County Legal Aid Society, Orlando, for appellee.
ANSTEAD, Judge.
The appellant, Bruce Arthur Barnhill, seeks reversal of the trial judge's order denying his petition for modification by which he sought to obtain custody of the parties' two children. The trial court left the children in the custody of their mother, Rosemary Cooper Barnhill. We affirm.
The parties were divorced on December 15, 1975. At that time, by agreement, custody of the children, Kevin, age 16, and Laura, age 11, was granted to the mother. In August of 1976, during the children's two week vacation visit with him, the father filed his petition for modification seeking a change of custody and refused to return the children to their mother until ordered to do so by the trial court. After a final hearing, which resulted in several hundred pages of testimony, the trial judge denied the father's petition for modification.
The father, in addition to his own testimony, presented an impressive array of witnesses which included medical experts, counselors and the children. The mother's case consisted largely of her own testimony and that of family friends. No doubt, if these matters were to be decided like a football or baseball game, the father would have prevailed simply because of the list of witnesses presented. But the trial judge is more than a scorekeeper in child custody cases. As the trier of fact, he must resolve any issues of fact. Using the basic guideline of the welfare and best interests of the children, the trial judge is charged with the heavy responsibility of deciding which parent shall have custody. His conclusions come to us with a presumption of correctness. Because the custody issue primarily involves the evaluation of human relationships, the judgment of the trial court, in resolving that issue, must be afforded even greater respect than a judgment involving issues which are capable of resolution based on purely objective considerations.
Although the lineup of witnesses for the father was impressive, the gist of their testimony was not decidedly favorable or unfavorable toward either party. The circumstances revealed to the trial court were not unlike those found in the aftermath of most divorces when the emotions of the parties control their actions. There were two children involved, and all of the evidence indicated that the children should be kept together. Originally the mother had been granted custody by agreement of the parties. The emotional reaction of the mother to the divorce was apparently stronger than that of the father, and the children had suffered some of the consequences of this reaction. However, the evidence showed that the mother's conduct had improved and that neither parent was in any way unfit to have custody. In brief, the father's case for custody was not one in which he sought, or did, show that the mother was unfit for custody. Rather, he sought to *925 show that he was better qualified to have custody of the children. Had the court placed the children in the father's custody we would also have had difficulty in disturbing the result.
This court, unless the decision below is clearly against the manifest weight of the evidence, cannot disturb the decision of the trial court. Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975). Where the decision is clearly erroneous we have a duty to reverse, but absent such a situation we cannot substitute our opinion for that of the person charged with the responsibility to make such decisions.
And we must also bear in mind that this is a modification proceeding. As explained in this court's opinion in Frye v. Frye, 205 So.2d 310 (Fla. 4th DCA 1967):
The importance of this distinction lies in what plaintiff must show to obtain a change in custody. In order to modify an existing custodial order plaintiff must allege and prove a substantial change in circumstances or conditions since the time the decree was entered. [Cites omitted] (Id. at 313)
When parents separate, a child is entitled to a continuing relationship with both parents. That relationship is not dissolved when the parents divorce, but it is seldom left unimpaired. Unfortunately, the only orderly way for that relationship to continue in most cases is to place primary custody of the child with one parent while the other parent enjoys visitation rights. Even when the issue of custody is resolved by agreement of the parties, enormous problems result in the relationship between parent and child.
When the parents themselves, for whatever reasons, cannot agree, this most difficult of human problems is then thrust upon the shoulders of the judge, who must decide what's right for the children. His decision at best is a calculated risk and at worst a guess. Who among us has the wisdom to know, except in the clearest of cases, what decision will be in the best interests of the children? Someone must decide. In many cases, once that issue has been decided and all appeals have been exhausted, the parties alone can promote the best interests of the children by making the custody arrangement work. The parents can do this by making every effort to see that the best relationship possible, given the circumstances of separation, is encouraged between the parents and the children. Many divorced parents do this with great success. On the other hand, many, through selfishness or other causes, contribute to an opposite result. Of course, there are cases where a mistake is made, and hopefully by appeal or later consideration the decision is corrected. We do not find any such mistake here; and accordingly, the judgment of the trial court is AFFIRMED.
ALDERMAN, C.J., concurs.
CROSS, J., concurs only in conclusion.