HERSEY, Judge.
This is an appeal from a final judgment of dissolution of marriage. The issue presented for our review is the correctness of that portion of the judgment awarding custody of the two minor children of the parties to appellee wife.
The record discloses that the parties separated in April of 1976. At that time the court granted temporary custody to the husband and except for visitation periods the children have remained with the husband in the marital home of the parties until the present time.
The parties married in April of 1966 and two children were born of the marriage: a son in 1976 and a daughter in 1970. In April of 1976 the wife experienced emotional difficulties for which she was hospitalized. The record discloses one prior emotional episode of short duration in 1976.
The record is devoid of any suggestion that the husband would not be a fit and proper person to have custody of the children. With the exception of the emotional episodes, the same thing could be said of the wife. The record discloses that she had ostensibly made a satisfactory adjustment and has formulated plans for the children’s future in the event that she regains custody. She has also made plans for improving her own situation by means of educational courses that she has undertaken.
Having said that, we are constrained to indicate that all of the evidence as to the wife’s present ability to cope with day-today living has been gathered during a period not calculated to give a true measure of the wife’s adaptability to stressful situations. She is living at home with her parents; she is attending school and working part time; she does not have the ultimate responsibility for the children while they remain in the custody of the husband, and she is financially dependent on others. Her ability to support the children is premised upon continued financial, help from her parents and appellant and upon appellee’s successful completion of her educational program and implementation of her plan by finding suitable employment. While her plans are commendable, there is scant evidence that she is currently in a better position than the husband to provide a suitable home for the minor children.
The husband, on the other hand, has a proven ability to provide for the needs of the children, having been employed for many years by the same employer and having attended to the daily requirements of the children since temporary custody began. All of the testimony indicates that he has been an exemplary parent during this period of time.
One evaluation of the situation by the Department of Health and Rehabilitative Services which was presented to the trial court contained the following comment:
Based on the report received from Coral Ridge Psychiatric Hospital and statements of references, we do feel it would be helpful for Judith R. Ashle-man to receive a current psychological examination.
*366 This report contained no recommendation as to the ultimate disposition of the custody question. In another report, also by the Department of Health and Rehabilitative Services, containing an evaluation of the wife’s condition based upon current observation also concluded:
Clearly, up-to-date psychological evaluations would be very helpful.
This report similarly did not make a recommendation as to ultimate custody.
We are not unmindful of the well established caveat recently reiterated by this Court in Barnhill v. Barnhill, 353 So.2d 923 (Fla. 4th DCA 1978) to the effect that:
Using the basic guideline of the welfare and best interests of the children, the trial judge is charged with the heavy responsibility of deciding which parent shall have custody. His conclusions come to us with a presumption of correctness. Because the custody issue primarily involves the evaluation of human relationships, the judgment of the trial court, in resolving that issue, must be afforded even greater respect than a judgment involving issues which are capable of resolution based on purely objective considerations. Id. at 924.
We feel compelled on the record before this Court to weigh the presumption of correctness against the welfare and best interests of the children, based upon the criteria set forth in Section 61.13(3), Florida Statutes (1977). Nor can we nor should we ignore the very clear professional opinions disclosed by the record that a current psychological evaluation of the wife is essential to a determination of the question whether the wife is now sufficiently well adjusted and responsible to justify a change in custody after a period of nearly five years. We note that the learned trial judge failed to make any findings of fact on the custody issue. We do not here intend to establish a rule that the trial court is under an obligation to set forth findings of fact in every child custody case. Under the particular circumstances of this case, however, we find that the evidence disclosed by the record is not that substantial and competent evidence which would support the custody award effected by the final judgment. At the very least, the wife should have been required to submit to current psychological evaluation, the report of which should have been available for consideration by the trial court.
Accordingly, we reserve that portion of the final judgment granting custody to ap-pellee wife and remand with instructions that custody remain with the husband until such time as the wife submits an appropriate request for change of custody based upon a current psychological examination and such other evidence as the trial court may deem appropriate in order to make a finding as to the ultimate custody of the children of the parties.
REVERSED AND REMANDED.
GLICKSTEIN, J., concurs.
BERANEK, J., concurs specially.