404 So.2d 208 (1981)
Linda Baker McINTYRE, Petitioner,
v.
Kenneth E. McINTYRE, Respondent.
No. 81-1305.
District Court of Appeal of Florida, Second District.
October 7, 1981.
Marsha G. Rydberg of Taub & Williams, Tampa, for petitioner.
Paul B. Johnson of Gregory, Cours, Paniello, Johnson, Hayes & Hoft, Tampa, for respondent.
CAMPBELL, Judge.
Petitioner, wife in a dissolution of marriage action, seeks relief by writ of certiorari from an order requiring her personal psychiatrist to surrender her medical records to a court-appointed psychologist. She contends that this is a violation of the psychotherapist-patient privilege found in section 90.503, Florida Statutes (1979). We agree and grant the writ.
*209 In the action below both parties alleged that they were fit and proper to have the care, custody and control of their minor children, while denying that their spouse was so suited. The court appointed a psychiatrist and a psychologist to examine each of the parties. The court-appointed psychologist informed the court that it would be helpful for him to review the records of the wife's personal psychiatrist before he made his custody recommendation. He further informed the trial judge that this review would be in the best interests of the court, the parties and the children. The wife objected on the basis of the psychotherapist-patient privilege and the lower court overruled her objection.
Section 90.503(4)(c), Florida Statutes (1979), provides:
(4) There is no privilege under this section:
... .
(c) For communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which he relies upon the condition as an element of his claim or defense... .
Two Florida districts have held in child custody disputes that a spouse does not make his or her mental condition "an element of his or her defense" simply by seeking custody. See Mohammad v. Mohammad, 358 So.2d 610 (Fla. 1st DCA 1978), and Roper v. Roper, 336 So.2d 654 (Fla. 4th DCA 1976). The court in Roper noted:
We recognize that in a child custody case the mental health of a parent may be a relevant issue. Where this issue is raised the trial court must maintain a proper balance, determining on the one hand the mental health of the parents as this relates to the best interest of the child, and on the other maintaining confidentiality between a treating psychiatrist and patient. The court in this case has an alternate tool which may accomplish both purposes. Upon proper motion the court may order a compulsory psychiatric examination.
Id. at 656-57.
In the case sub judice the trial judge used this alternate tool by appointing the psychiatrist and psychologist. Unless there is a radical change in the proceedings similar to Critchlow v. Critchlow, 347 So.2d 453 (Fla. 3d DCA 1977), where the wife was committed for mental treatment during a child custody dispute, this alternate tool of court-appointed experts should eliminate any need to breach the psychotherapist-patient privilege. We are sympathetic with the trial judge's dilemma and recognize that his ruling was directed only towards the best interests of the children. However, since he had appointed both a psychiatrist and a psychologist to examine both the parties here, we see no necessity to invade the wife's privilege with her personal psychotherapist. Accordingly, the trial court's order requiring the wife's psychiatrist to submit records to the court-appointed psychologist is reversed and the case is remanded for further proceedings consistent with this opinion.
SCHEB, C.J., and DANAHY, J., concur.