MILLS, Judge.
This is an appeal from the trial court’s decision that the parties’ minor child reside primarily with the father. We affirm.
Barbara and James married in 1974. They had one child, James Jr., who was five years old at the time of the final hearing in 1983. In 1982, James petitioned for dissolution of marriage requesting primary custody of James Jr. Barbara did not contest the dissolution, but counterpeti-tioned seeking, among other things, primary custody of the child.
In addition to the parties’ own testimony and other lay testimony, two expert witnesses testified at the final hearing. Dr. Albert Davis, a court-appointed psychiatrist, testified he examined the mother and the father. He found the father well adjusted and mentally stable. However, he found the mother mentally unstable and diagnosed her as suffering from a paranoia disorder. Davis opined that the child would be better off living with the father.
Robert Crankshaw, a licensed marriage and family therapist, gave expert testimony for the mother. Crankshaw testified he watched the mother and child interacting, and, based on what he saw, it was his opinion that the mother was the primary nurturing figure for the child and was capable of taking care of him. Crankshaw also testified that separating the child from the mother would be traumatic for the child. Crankshaw did not observe the father and child interacting and therefore formed no opinion of that relationship.
Following the final hearing, the trial court dissolved the marriage. Although the court ordered the parties to share parental responsibility, it decreed that the child’s primary residence be with the father, allowing visitation with the mother on alternate weekends and for two months during the summer.
Upon considering all relevant factors, trial courts should give the father the same consideration as the mother in determining custody without regard to the age of the child. Section 61.13(2)(b)l, Florida Statutes (1983).
After considering all the evidence, especially the court-appointed psychiatrist’s testimony concerning the mother’s mental condition, the trial court could find it was in the best interest of the child that he reside primarily with the father. The trial court did not abuse its discretion.
AFFIRMED.
SMITH and NIMMONS, JJ., concur.