539 So.2d 544 (1989)
Maria A. PEISACH, Petitioner,
v.
Jose M. ANTUNA, II, Respondent.
No. 88-2666.
District Court of Appeal of Florida, Third District.
March 7, 1989.
*545 Frumkes and Greene, P.A., and Cynthia L. Greene and Mel Frumkes, Miami, for petitioner.
Bunnell and Woulfe, P.A., and Melanie G. May, Fort Lauderdale, for respondent.
Before SCHWARTZ, C.J., JORGENSON, J., and JOHN G. FERRIS (Ret.), Associate Judge.
JORGENSON, Judge.
Maria Peisach petitions for a writ of certiorari from an order of the circuit court which denied her motion for a protective order. For the reasons which follow, we grant the petition, quash the order denying the motion, and remand this cause to the trial court with directions to enter a protective order prohibiting the husband from deposing the wife's former psychiatrist and gynecologists.
In 1979, Maria Peisach and Jose Antuna were divorced. In November, 1987, the wife sued to enforce the husband's child-support obligations and to increase the support payments. The husband answered the complaint and filed a counterpetition for modification of the 1979 judgment. He alleged that a substantial change in circumstances required the court to grant him primary custody of the parties' minor child. The husband alleged, inter alia, that the wife was psychologically unstable and suffered from migraine headaches which prevented her from providing a stable home for the child.
The wife answered the counterpetition, admitted that she underwent psychiatric counselling approximately seven years ago following her divorce from Antuna, and stated that the short-term counselling "enabled her to provide an even more stable, nurturing, and healthy home" for the child. The trial court ordered the wife and husband to submit to psychological evaluations; the wife has expressed her willingness to comply with that order.
The husband sought to depose Dr. Casademont, the psychiatrist who treated the wife seven years ago, and Drs. Strassberg, Kennedy, and O'Sullivan, all of whom are gynecologists. The wife moved for a protective order; the trial court denied her motion. The wife petitioned this court for a writ of certiorari. This court stayed the order denying her motion for a protective order and now grants her petition.
*546 The trial court departed from the essential requirements of the law when it refused to prohibit the husband from deposing the psychiatrist. "A custody order can only be modified upon a showing that there has been a substantial and material change in circumstances since the entry of the prior custody award, and that the best interests and welfare of the child will be provided by a change in custody." Adams v. Adams, 385 So.2d 688, 689 (Fla. 3d DCA 1980) (cites omitted). At issue, therefore, in custody modification proceedings are the parents' present circumstances. See, e.g., Ashleman v. Ashleman, 381 So.2d 364, 365 (Fla. 4th DCA 1980) ("wife's present ability to cope with day-to-day living" must be established when custody of minor children at issue) (emphasis added); Frye v. Frye, 205 So.2d 310, 314 (Fla. 4th DCA 1967) ("It is obvious that the changed conditions must bear on the issues of the treatment the children are receiving under the existing custody order") (emphasis added). Testimony from a psychiatrist who briefly treated the wife seven years ago can be of no relevance to the wife's present ability to care for the child.[1] Because the wife has agreed to submit to a psychological examination, the husband and the court will be adequately apprised of her present psychological condition. See Roper v. Roper, 336 So.2d 654, 656 (Fla. 4th DCA 1976) ("Our courts ... have long relied upon the testimony of court-appointed psychiatrists to determine a person's mental condition.") cert. denied, 345 So.2d 426 (Fla. 1977).
Moreover, the trial court's order permitting the husband to depose Dr. Casademont runs afoul of the psychotherapist-patient privilege, section 90.503, Florida Statutes (1987). The husband claims that the wife waived that privilege by denying allegations of mental instability and stating that the short-term therapy seven years ago had made her an even better parent than she was before the counselling. The husband's argument is without merit. Mere allegations that the custodial parent is mentally unstable are not sufficient to place the custodial parent's mental health at issue and overcome the privilege. Roper, 336 So.2d 654. Likewise, the custodial parent's denial of allegations of mental instability does not operate as a waiver of the patient-psychotherapist privilege. To hold otherwise would eviscerate the privilege; a party seeking privileged information would obtain it simply by alleging mental infirmity. "If such were the law, no psychiatrist could ever assure his patient of confidentiality." Roper, 336 So.2d at 656; see generally Ehrhardt, Florida Evidence, § 503.5 (2d Ed. 1984).
The trial court also departed from the essential requirements of the law when it refused to prohibit the husband from deposing the wife's gynecologists. Although the wife can claim no privilege with respect to her physicians, we can find no reason to allow such an invasion of the wife's privacy. Courts have the power to regulate discovery; "discovery of relevant, non-privileged information may be limited or prohibited in order to prevent annoyance, embarrassment, oppression or undue burden of expense." South Fla. Blood Serv. v. Rasmussen, 467 So.2d 798 (Fla. 3d DCA 1985) (cites omitted), aff'd, 500 So.2d 533 (Fla. 1987); Fla.R.Civ.P. 1.280(c). "In deciding whether a protective order is appropriate in a particular case, the court must balance the competing interests that would be served by granting discovery or by denying it." Rasmussen v. South Fla. Blood Serv., 500 So.2d at 535. Here, the husband alleged that the wife suffers from migraine headaches which impair her parental skills and claims that the gynecologists could provide information relevant to this alleged ailment. During the hearing on the motion for a protective order, the trial court opined: "I guess it is amazing what confessions people make to their gynecologist." *547 The court's gratuitous observation was without foundation and does not provide any legitimate basis for discovery of such private medical information. The record indicates that the husband has also sought to depose the wife's neurologist and that the wife has not objected to this discovery. The neurologist's testimony is far more likely to shed light on the subject of migraine headaches than any testimony from a gynecologist. The wife's interest in maintaining her privacy regarding intimate medical matters outweighs the husband's interest in deposing Drs. Strassberg, Kennedy, and O'Sullivan.
Petition for certiorari granted; order quashed.
NOTES
[1] Divorce is an emotionally wrenching experience, whether the parties' relationship was amicable or rancorous. It is, therefore, not a novel proposition that a recently divorced person may need counselling. This is especially true here where the wife's mother died around the time of the divorce. The husband should not be allowed to exploit the wife's distress following the divorce by attempting to characterize her treatment as a substantial change in circumstances sufficient to support a change in custody.