576 So.2d 909 (1991)
Crystal OSWALD, Appellant,
v.
Mark DIAMOND, Appellee.
No. 90-3456.
District Court of Appeal of Florida, First District.
March 26, 1991.
Mark H. Mahon, of Lacy Mahon, Jr. and Mark H. Mahon, P.A., Jacksonville, for appellant.
Barry Zisser, Jacksonville, for appellee.
WENTWORTH, Senior Judge.
Crystal Oswald filed a Petition for Writ of Certiorari seeking review of a nonfinal discovery order. She asserts that the trial court erred in granting respondent's motion to compel her to release her medical records in a child custody case where she invoked the psychotherapist-patient privilege available under section 90.503, Florida Statutes.
We affirm in part and reverse in part the trial court's nonfinal discovery order. Orders permitting discovery may be reviewed by writ of certiorari when a trial court departs from the essential requirements of law and review on appeal would be inadequate. City of Williston v. Roadlander, 425 So.2d 1175 (Fla. 1st DCA 1983). *910 We conclude that the court in the present case departed from the essential requirements of law by permitting discovery of petitioner's medical records despite her claim of the psychotherapist-patient privilege. See McIntyre v. McIntyre, 404 So.2d 208 (Fla. 2d DCA 1981), and Mohammad v. Mohammad, 358 So.2d 610 (Fla. 1st DCA 1978) (holding that a spouse does not make his or her mental condition an "element of his or her defense," thereby waiving the psychotherapist-patient privilege, simply by seeking custody). In Peisach v. Antuna, 539 So.2d 544 (Fla. 3rd DCA 1989), the court further held that mere allegations of mental or emotional instability are insufficient to place the custodial parent's mental health at issue so as to overcome the privilege.
Petitioner's affidavit filed below states that Dr. Browning was engaged in the treatment of her mental or emotional condition and was therefore a psychotherapist as defined in section 90.503(1)(a), Florida Statutes. We find accordingly that petitioner is entitled to the statutory privilege to the extent of such treatment or diagnosis. However, as respondent correctly alleges, Florida does not recognize a general doctor-patient privilege. Fidelity and Casualty Co. of New York v. Lopez, 375 So.2d 59 (Fla. 4th DCA 1979). Section 90.503(2), Florida Statutes, provides:
A patient has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications or records made for the purpose of diagnosis or treatment of his mental or emotional condition, including alcoholism and other drug addictions, between himself and his psychotherapist, or persons who are participating in the diagnosis or treatment under the direction of the psychotherapist. This privilege includes any diagnosis made, and advice given, by the psychotherapist in the course of that relationship.
The statute does not restrict discovery of relevant medical records other than those made for the purpose of diagnosis or treatment of a mental or emotional condition. The trial court's order granting the motion to compel is reversed to the extent that it may compel discovery of communications or records of Dr. Browning made for the purpose of diagnosis or treatment of petitioner's mental or emotional condition, including any diagnosis made and advice given in the course of that relationship. To the extent that any other relevant medical testimony and reports may be contemplated the order is affirmed.
SMITH and WIGGINTON, JJ., concur.