593 So.2d 1200 (1992)
Alan Vander SCHOUW, Petitioner,
v.
Annette Vander SCHOUW, Respondent.
No. 91-03801.
District Court of Appeal of Florida, Second District.
February 19, 1992.
*1201 John P. Fleck, Jr., Bradenton, for petitioner.
D. Howard Stitzel, III of Muga & Real, P.A., Tampa, for respondent.
PER CURIAM.
The petitioner, the husband in a dissolution of marriage action, seeks a writ of certiorari reviewing an order which granted the wife's motion to compel a psychological evaluation of the husband and for release of the husband's psychological records.
First, the husband contends that the order directing the release of his psychological records departs from the essential requirements of law because it violates the psychotherapist-patient privilege found in section 90.503(2), Florida Statutes (1991), which provides:
(2) A patient has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications or records made for the purpose of diagnosis or treatment of his mental or emotional condition, including alcoholism and other drug addiction, between himself and his psychotherapist, or persons who are participating in the diagnosis or treatment under the direction of the psychotherapist. This privilege includes any diagnosis made, and advice given, by the psychotherapist in the course of that relationship.
Section 90.503(4)(c) states:
(4) There is no privilege under this section:
... .
(c) For communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which he relies upon the condition as an element of his claim or defense or, after the patient's death, in any proceeding in which any party relies upon the condition as an element of his claim or defense.
In the action below, both parties have requested to be the primary residential parent of the parties' two minor children. The children are presently residing with the husband. Both parties have brought into question the other's psychological fitness to be the custodial parent. While the mental health of a parent in a child custody case is relevant, mere allegations that a parent is mentally unstable are not sufficient to place that parent's mental health at issue and overcome the psychotherapist-patient privilege. Roper v. Roper, 336 So.2d 654, 656 (Fla. 4th DCA 1976). The only other allegations, the wife's claims regarding the husband's mental condition in 1986, are outdated and not sufficient to overcome the privilege.
What is relevant to the trial court's determination regarding child custody is the parties' present ability and condition. There was no showing by the wife that the husband's prior psychological records would contribute to such a determination. Therefore, we find that the trial court departed from the essential requirements of law in requiring the release of the husband's psychological record.
Second, the husband contends that the court also departed from the essential requirements of law by ordering the husband to submit to an independent psychological examination. A court ordered psychiatric or psychological examination is the suggested method for balancing the court's need to determine the parents' mental health as it relates to the best interest of the child, and the need to maintain the confidentiality between a treating psychotherapist and the patient. McIntyre v. McIntyre, 404 So.2d 208 (Fla. 2d DCA 1981). However, such examinations are not automatic and should only be ordered upon a showing of good cause  evidence that the parent has been unable to meet the *1202 special needs of the child. Williams v. Williams, 550 So.2d 166 (Fla. 2d DCA 1989).
Here, although the husband had custody of the children for at least six months prior to the hearing, there was no evidence that the husband was unable to meet the children's needs. In fact, all of the wife's allegations regarding the husband's inability to parent stem from behavior some five years ago. Therefore, we find that there was no factual basis before the court to warrant a court ordered psychological examination.
Accordingly, we find that the order presented for review departed from the essential requirements of law, and quash the order.
SCHOONOVER, C.J., HALL and THREADGILL, JJ., concur.