ON PETITION FOR WRIT OF CERTIORARI

PER CURIAM.
Wife petitions for a writ of certiorari to quash the trial court’s Order on Wife’s Objection to Notice of Production from Non-Party. We grant the petition and quash the order under review.
During the course of the parties’ dissolution action, the husband requested the wife’s treatment records from various physicians, hospitals and from the wife’s former treating psychiatrist. The wife objected to the requested production and filed a motion for protective order. The trial court denied the wife’s motion as to nine physicians, including her former psychiatrist, and ordered that the husband could receive records from these health care providers. The wife seeks certio-rari review of this order.
We grant certiorari and hold that the trial court departed from the essential requirements of the law when it ruled that the husband could receive records from the wife’s psychiatrist. This ruling violates the psychotherapist-patient privilege, § 90.503, Fla.Stat. (1993), where, as here, the wife’s mental condition has not been placed at issue. A party does not place his or her mental condition at issue merely by seeking child custody in a dissolution proceeding. Peisach v. Antuna, 539 So.2d 544 (Fla. 3d DCA 1989); Roper v. Roper, 336 So.2d 654 (Fla. 4th DCA 1976), cert. denied, 345 So.2d 426 (Fla.1977); McIntyre v. McIntyre, 404 So.2d 208 (Fla. 2d DCA 1981). Moreover, in this case, disclosure of the wife’s psychiatric records is unnecessary as the court-appointed independent psychiatrist can apprise the court of the parties’ mental conditions. Peis-ach. The husband’s reliance on Critchlow v. Critchlow, 347 So.2d 453 (Fla. 3d DCA 1977), is misplaced as the Critchlow factual scenario is distinguishable from the facts presented here.
Additionally, we hold that the trial court also departed from the essential requirements of law when it permitted the husband access to the wife’s physician’s records. The trial court has not examined the competing interests that would be served in granting the husband’s discovery request, Peisach, and the record does not demon *1208 strate any reason for permitting such an intrusion into the wife’s privacy. Rasmussen v. South Florida Blood Serv., 500 So.2d 533 (Fla.1987).
Based on the foregoing reasons, we grant certiorari and quash the order under review. We remand the case with instructions to enter an order sustaining the wife’s objections to the production of the requested records.
Certiorari granted; order quashed; cause remanded.