890 So.2d 407 (2004)
Araan E. QUINNEY, Petitioner,
v.
David Wilson QUINNEY, Respondent.
No. 5D04-1320.
District Court of Appeal of Florida, Fifth District.
December 23, 2004.
*408 Charles A. Esposito of Upchurch & Esposito, P.A., St. Augustine, for Petitioner.
Robert L. McLeod, II, of The McLeod Firm, St. Augustine, for Respondent.
PER CURIAM.
Araan E. Quinney, ("the former wife"), petitions for a writ of certiorari to quash the trial court's denial of a protective order for privileged communications between her and her psychotherapist. In the alternative, the former wife requests remand for an opportunity to be heard on her motion because the scheduled hearing proceeded without her participation. We grant the petition, issue the writ and quash the trial court's denial of her motion for discovery protection.
The former wife scheduled a hearing on her motion for protective order seeking the protection of the psychotherapist-patient privilege, but her attorney was unable to attend. The former wife's attorney represents the following took place below: The special master's clerk called the trial judge in chambers at the time of the scheduled hearing to advise of a short delay, but the hearing proceeded as scheduled. When the former wife's attorney arrived at the judge's chambers within fifteen minutes, the judge indicated that his decision would be rendered later, that he knew nothing about the earlier phone call and that he did not want to engage in any ex-parte communication about the matter. Inexplicably, the court subsequently entered an order finding that: (1) there was no appearance by the former wife or her attorney at the hearing set for 2:30 p.m.; and (2) the discovery sought was "relevant to the proceedings before the Court and are subject to disclosure pursuant to the Rules of Civil and Family Procedure." Discovery sought by the former husband included the setting of depositions of the former wife's past psychotherapists. The trial court denied the former wife's motion for protective order seeking the protection of the psychotherapist-patient privilege. This petition for certiorari ensued.[1]
Certiorari is the proper remedy to review orders compelling disclosure of privileged matter. See, e.g., Quarles & Brady, LLP v. Birdsall, 802 So.2d 1205 (Fla. 2d DCA 2002); State Farm Mut. *409 Auto. Ins. Co. v. Kendrick, 780 So.2d 231 (Fla. 3d DCA 2001). This court's opinion in Beverly Enterprises-Florida, Inc. v. Ives, 832 So.2d 161 (Fla. 5th DCA 2002), review denied, 845 So.2d 890 (Fla.2003), explains that certiorari is proper to challenge orders compelling discovery when privileged matters are ordered disclosed. The discovery orders are reviewable when they constitute a departure from the essential requirements of law, leaving petitioners with no adequate remedy.
At the outset, we note that neither David Wilson Quinney, ("the former husband"), nor the former wife alleged that either is unfit to have unsupervised contact with their minor child. Indeed, in his supplemental petition to modify the final judgment, the former husband sought "rotating custody" of their child, while the former wife sought to retain primary residential responsibility with "standard" alternating weekend visitation by the former husband. We observe that the former husband's request for "rotating" custody infers that the former wife is a fit and proper parent and is of no risk to their child. However, the former husband alleges in his answer to the former wife's petition for writ of certiorari that the former wife's mental health is at issue because her allegedly fragile mental and emotional health rendered her unable to care for their minor child during a certain period. The former wife, however, denied in deposition testimony that she was ever unable to care for the minor child due to any mental health issues.
Section 90.503, Florida Statutes (2003), protects a patient's communications with a licensed or certified psychologist as well as communications made to a licensed or certified mental health counselor. However, for matters to come within the protection of section 90.503, they must be confidential and made for the purpose of diagnosing or treating a mental or emotional condition. See generally Charles Ehrhardt, Florida Evidence § 503.2. The burden rests on the party seeking otherwise privileged information to show that the patient has placed his or her mental condition in issue. E.g., Palm Beach County School Bd. v. Morrison, 621 So.2d 464 (Fla. 4th DCA 1993); Sykes By & Through Sykes v. St. Andrews School, 619 So.2d 467 (Fla. 4th DCA 1993). In the instant case, the former husband has not met his burden. See, e.g., Leonard v. Leonard, 673 So.2d 97 (Fla. 1st DCA 1996) (recognizing that in a child custody dispute the former husband's allegations and the former wife's denial that she had mental health issues did not place her mental health at issue or constitute a waiver of the privilege); see also Freshwater v. Freshwater, 659 So.2d 1206 (Fla. 3d DCA 1995) (holding where former wife's mental condition had not been placed at issue in dissolution action, psychotherapist-patient privilege barred former husband's access to wife's psychiatric treatment records, even if former wife sought child custody).
Based upon the record before us, there is no basis to abrogate the former wife's psychotherapist-patient privilege. Accordingly, the trial court erred in denying the former wife's motion for protective order. We grant the petition, issue the writ and quash the trial court's order allowing discovery.
PETITION GRANTED, WRIT ISSUED, ORDER QUASHED, AND REMANDED.
PETERSON, PLEUS and ORFINGER, JJ., concur.
NOTES
[1] We note that perhaps this petition could have been eliminated had some accommodation been made and courtesies extended by the participants below, including a short delay of the hearing, a rescheduling of the hearing or a motion for rehearing by the petitioner.