PER CURIAM.
The trial court entered a non-final order in this dissolution action specifying that Husband’s visitation with the parties’ children be supervised, that Husband submit to drug testing, and that Husband obtain an evaluation from a psychologist to assess his parenting abilities and to determine whether he has substance abuse or other problems which could harm the children. We agree with the trial court’s conclusions and affirm its order except to the extent that the order authorizes the release of Husband’s medical and psychological records. As explained in Attorney ad Litem for D.K. v. Parents of D.K., 780 So.2d 301 (Fla. 4th DCA 2001):
In a dissolution proceeding where custody is disputed, a party does not waive confidentiality of mental health treatment and make his or her mental health an “element of his claim or defense” simply by requesting custody. McIntyre v. McIntyre, 404 So.2d 208, 209 (Fla. 2d DCA 1981). Only in situations where calamitous events such as an attempted suicide occur during a pending custody dispute have courts found that the mental health of the parent is sufficiently at issue to warrant finding no statutory privilege exists. See Miraglia v. Miraglia, 462 So.2d 507 (Fla. 4th DCA 1984); Critchlow v. Critchlow, 347 So.2d 453 (Fla. 3d DCA 1977). Otherwise, the courts have instructed that the more appropriate method of securing the necessary information regarding the parent’s psychological state to aid in determining the best interest of the child is to require an independent psychological or psychiatric examination of the parent or parents. In this way, the trial court obtains essential information without interfering with the psychotherapist/patient confidentiality privilege. See Leonard v. Leonard, 673 So.2d 97 (Fla. 1st DCA 1996); Schouw v. Schouw, 593 So.2d 1200 (Fla. 2d DCA 1992).
Id. at 309.
Accordingly, we affirm the order under review with the exception of paragraph 10, which authorizes the release of the “medical, social, psychiatric, and psychological history” of Husband to the evaluating psychologist.
AFFIRMED in part; REVERSED in part and REMANDED.
MONACO, TORPY and LAWSON, JJ., concur.