961 So.2d 1134 (2007)
Kristin Ahr KOCH, Petitioner,
v.
Daniel L. KOCH, Respondent.
No. 4D07-927.
District Court of Appeal of Florida, Fourth District.
August 8, 2007.
John F. Schutz and Ralph T. White of John F. Schutz, P.L., West Palm Beach, for petitioner.
Beth E. Spiegel, North Miami Beach, for respondent.
KLEIN, J.
In this dissolution proceeding, in which child custody is at issue, the husband sought to obtain the records of the treating psychotherapists and other confidential medical information pertaining to the wife. After the trial court overruled the wife's objection, she filed this petition for certiorari, relying on Attorney Ad Litem for D.K. v. Parents of D.K., 780 So.2d 301 (Fla. 4th DCA 2001). In D.K. we held that, in dissolution proceedings, a party does not waive confidentiality of mental health treatment by requesting custody. We explained:
Only in situations where calamitous events such as an attempted suicide occur during a pending custody dispute have courts found that the mental health of the parent is sufficiently at issue to warrant finding no statutory privilege exists. See Miraglia v. Miraglia, 462 So.2d 507 (Fla. 4th DCA 1984); Critchlow v. Critchlow, 347 So.2d 453 (Fla. 3d DCA 1977). Otherwise, the courts have instructed that the more appropriate method of securing the necessary information regarding the parent's psychological state to aid in determining the best interest of the child is to require an independent psychological or psychiatric examination of the parent or parents. In this way, the trial court obtains essential information without interfering with the psychotherapist/patient confidentiality privilege. See Leonard v. Leonard, 673 So.2d 97 (Fla. 1st DCA *1135 1996); Schouw v. Schouw, 593 So.2d 1200 (Fla. 2d DCA 1992).
Id. at 308.
In this case the trial court concluded that the wife had waived any privilege or right of privacy because her counsel acknowledged that she had an alcohol problem in the past, had received treatment, and was currently a recovering alcoholic. The information regarding alcoholism does not rise to the level of an event or condition contemplated by D.K. We accordingly grant the petition and quash the order which denied protection as to depositions and subpoenas for records.
STONE and TAYLOR, JJ., concur.