# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

―――――――――――――

**Misc. Dkt. No. 2024-08**

―――――――――――――

**In re RR**
*Petitioner*

**Brock T. ANDERSON**
Airman First Class (E-3), U.S. Air Force
*Real Party in Interest*

―――――――――――――

Petition for Extraordinary Relief in the Nature of a Writ of Mandamus

Decided 22 July 2024

―――――――――――――

*Military Judge*: Bradley J. Palmer.

*GCM convened at*: Altus Air Force Base, Oklahoma.

*For Petitioner*: Captain Tiffany R. Campbell, USAF; Captain Erick C. Kobres II, USAF; Devon A.R. Wells, Esquire.[1]

Before RICHARDSON, DOUGLAS, and WARREN, *Appellate Military Judges*.

Judge DOUGLAS delivered the opinion of the court, in which Senior Judge RICHARDSON and Judge WARREN joined.

―――――――――――――

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

―――――――――――――

DOUGLAS, Judge:

On 9 June 2024, pursuant to Rule 19 of the Joint Rules of Appellate Procedure for Courts of Criminal Appeals, Petitioner submitted to this court a petition for extraordinary relief in the form of a writ of mandamus in the pending

―――――――――――――

[1] There were no other parties to this petition because no briefs were to be filed "unless ordered by the court;" and the court did not order any briefs to be filed.

general court-martial of *United States v. Airman First Class Brock T. Anderson* (the Real Party in Interest). The Real Party in Interest is charged with one specification of sexual assault of a child who had not attained the age of 16 years, and three specifications of sexual abuse of a child who had not attained the age of 16 years, in violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b.[2] Petitioner, RR, is a minor and the named victim in all specifications. Petitioner requests we issue a writ vacating the trial judge's order to discover her privileged mental health records; order all released mental health records sealed and removed from the possession of trial counsel and trial defense counsel; disqualify all counsel who have reviewed these records; and order the procedural requirements of Mil. R. Evid. 513 be followed. We find issuance of a writ is not appropriate.

## I. BACKGROUND

The Real Party in Interest is alleged to have committed the charged offenses on or about 10 May 2022. While investigating the allegations, the Air Force Office of Special Investigations (OSI) requested authorization from Petitioner's biological mother, SH, to obtain Petitioner's records maintained in a civilian facility, Coastal Harbor Treatment Center. On 11 July 2022, SH signed a form authorizing the "disclosure of health information" concerning RR with a handwritten entry specifying "any and all information regarding the rape with [the Real Party in Interest]." According to Petitioner, the facility released 359 pages to OSI, ten of which were included in their report of investigation (ROI). Trial counsel later provided the ROI to trial defense counsel.

On 7 September 2023, the trial judge appointed SH as legal representative for Petitioner, pursuant to Article 6b(c), UCMJ, 10 U.S.C. § 806b(c). The judge's order specifically stated SH, as Petitioner's legal guardian, "may assume the rights of the victim" because RR is "under 18 years of age." On 8 September 2023, trial defense counsel submitted a supplementary discovery request, asking the Government to produce mental health records at additional facilities mentioned in the ROI. On 18 September 2023, trial counsel declined production of these additional records, citing Petitioner's psychotherapist-patient privilege under Mil. R. Evid. 513.

On 24 October 2023, Petitioner's victims' counsel entered a notice of appearance. On 30 October 2023, trial defense counsel asked victims' counsel if Petitioner would voluntarily release the mental health records located at the

---

[2] All references to punitive articles of the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*). All other references to the UCMJ, Military Rules of Evidence (Mil. R. Evid.), and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2024 ed.).

other facilities. Trial defense counsel specifically stated they were looking for information discoverable under *United States v. Mellette*, 82 M.J. 374 (C.A.A.F. 2022), as well as evidence of child abuse or neglect.

On 31 October 2023, the Government informed victims' counsel of the mental health records OSI possessed. On 1 November 2023, victims' counsel invoked privilege over these records, pursuant to Mil. R. Evid. 513, and requested the records be sealed and maintained in the trial judge's custody pending a hearing on the matter.

On 2 November 2023, the trial judge ordered the trial counsel to "place any records potentially involving matter privileged . . . in a separate envelope and for them not to be reviewed or disclosed until a hearing could be held."

On 4 December 2023, the trial judge held a closed Article 39(a), UCMJ, 10 U.S.C. § 839(a), hearing. On 21 December 2023, the trial judge issued a "notice of a partial ruling." He explained by email that he was denying the defense request for production of mental health records outside the Government's possession. He also ruled Petitioner had waived her privilege "through her parent and guardian" for the mental health records possessed by the Government concerning "the offenses alleged in this case."

The trial judge also determined an in camera review of the records "was necessary to determine which documents" in the Government's possession "were covered by the waiver." He performed this review and, in his email, the trial judge described four categories of records found as follows:

> 1. Documents subject to the waiver that **will** be provided to the Defense.
>
> 2. Documents not subject to the waiver but that I have determined fall under the Due Process protections discussed in Brady v. Maryland and Giglio v. United States and their progeny (constitutionally required).[3]
>
> 3. Documents that are privileged but not subject to the waiver or constitutionally required. These **will not** be provided to the Defense.
>
> 4. Documents that are not privileged (including documents exempted from the privilege under M[e]llette) and that **will** be provided to the Defense.

---

[3] *Giglio v. United States*, 405 U.S. 150 (1972); *Brady v. Maryland*, 373 U.S. 83 (1963).

In the same email, the trial judge asked victims' counsel to inform him and the parties whether Petitioner intended to waive privilege for the documents in category 2, *supra*.

On 3 January 2024, the trial judge supplemented his previous partial ruling via another email. He acknowledged "[t]here is no binding case law regarding whether a parent can waive a privilege on behalf of a child." He further stated, however,

> The general rule in other jurisdictions appears to be that a parent can assert or waive a privilege on a child's behalf when doing so would be in the child's best interest but not when the parent and child are adversarial or when the parent is asserting or waiving the privilege for their own interests.

The trial judge cited *Garcia v. Guiles*, 254 So. 3d 637, 640 (Fla. Dist. Ct. App. 2018), which he summarized as "holding that [a] parent could not waive [the] privilege on [a] child's behalf because of their adversarial relationship but [a] guardian *ad litem* could [waive the privilege] because she was acting in [the] child's interest." The trial judge reasoned SH had properly waived Petitioner's privilege, pursuant to Mil. R. Evid. 510, "based on what [she] believed was in [Petitioner's] best interests to support [Petitioner's] allegations."[4]

Also on 3 January 2024, victims' counsel informed the trial judge and parties by email that her client was "willing to waive privileges on the documents except" four pages. On 12 January 2024, the trial counsel filed a supplemental brief informing the trial judge "it is the Government's position it is now obligated under [R.C.M.] 703, *Brady* and *Giglio* to disclose" certain records in its possession where the privilege no longer applied because the trial judge had ruled Petitioner had waived it. On the same date, the Real Party in Interest moved to abate the proceedings "unless and until the alleged victim, RR, waives her . . . privilege and allows disclosure of the previously identified four documents."

On 23 February 2024, the trial judge supplemented his findings of fact and conclusions of law, and ordered the proceedings abated until such time as Petitioner waived her privilege for the four remaining pages of mental health records he deemed constitutionally required.

On 14 March 2024, Petitioner filed an initial petition with this court for extraordinary relief, pursuant to Article 6b, UCMJ, 10 U.S.C. § 806b. Specifically, Petitioner requested we issue a writ of mandamus requiring the trial judge to vacate his abatement ruling of 23 February 2024, disqualify the trial

---

[4] We do not have before us how the trial judge came to this conclusion.

judge and the trial counsel "who examined [Petitioner's] privileged records," and seal all patient records reviewed to date. The court docketed the petition on 15 March 2024, and granted leave for the Government and the Real Party in Interest each to file an answer to Petitioner's petition for a writ of mandamus. On 9 April 2024, the Real Party in Interest moved for leave to file a motion to dismiss Petitioner's petition of 14 March 2024.

On 7 May 2024, this court granted the Real Party in Interest's motion to dismiss the petition, in accordance with *In re B.M.*, No. 23-2033, 2024 CAAF LEXIS 201, at \*10-11 (C.A.A.F. Apr. 3, 2024), which held a named victim does not have standing to challenge an abatement order in an accused's case because such an order is not a court-martial ruling that affects the victim's rights under Mil. R. Evid. 513 or Article 6b, UCMJ.[5]

On 17 May 2024, Petitioner waived her privilege and agreed to disclosure and production to trial counsel and trial defense counsel of the four pages of mental health records identified by the trial judge as constitutionally required. Petitioner explained that she waived her privilege regarding these pages because the trial judge ruled the court-martial could not continue absent her waiver and she could not attain relief from our court while proceedings were in abatement.

The trial judge then lifted the abatement and rescheduled the trial for 8 July 2024. Petitioner is now before this court a second time with her petition of 9 June 2024, in which she has the standing she lacked when she filed her previous request for a writ of mandamus.[6]

## II. LAW

The Uniform Code of Military Justice affords certain rights to victims of offenses, including to be treated with "fairness" and "respect for" their "dignity and privacy." Article 6b(a)(9), 10 U.S.C. § 806b(a)(9). Such victims "do not have the authority to challenge every ruling by a military judge" at a court-martial "with which they disagree; but they may assert [certain] rights enumerated in

---

[5] As a result of our ruling of the Real Party in Interest's motion to dismiss, we did not decide the substantive issues raised in Petitioner's 14 March 2024 petition, but stated, "This order does not preclude further filings should the abatement be lifted." *See In re RR*, Misc. Dkt. No. 2024-02, 2024 CCA LEXIS 286, at \* 3 (A.F. Ct. Crim. Appl. 7 May 2024).

[6] Contemporaneously included in this petition, Petitioner filed a motion to stay the proceedings and to stay the disclosure of additional medical records pages for which she recently waived privilege; on 13 June 2024, we denied Petitioner's motion to stay proceedings.

Article 6b, UCMJ, in the *Manual for Courts-Martial*, and under other applicable laws." *In re KK*, __ M.J. __, Misc. Dkt. No. 2022-13, 2023 CCA LEXIS 31, at \*13 (A.F. Ct. Crim. App. 24 Jan. 2023). Accordingly, if a victim believes a court-martial ruling violates any of these rights, "the victim may petition the Court of Criminal Appeals for a writ of mandamus to require the . . . court-martial to comply[.]" Article 6b(e)(1), UCMJ, 10 U.S.C. § 806b(e)(1). "If granted, such a writ would require compliance with Article 6b, UCMJ." *In re KK*, 2023 CCA LEXIS 31, at \*6.

More broadly, the purpose of a writ of mandamus is to "confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Association*, 319 U.S. 21, 26 (1943) (citations omitted). A writ of mandamus "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *EV v. United States*, 75 M.J. 331, 332 (C.A.A.F. 2016) (quoting *Cheney v. United States Dist. Court for D.C.*, 542 U.S. 367, 380 (2004)).

"A military judge's decision warranting reversal via a writ of mandamus 'must amount to more than even gross error; it must amount to a judicial usurpation of power . . . or be characteristic of an erroneous practice which is likely to recur.'" *In re KK*, 2023 CCA LEXIS 31, at \*6 (omission in original) (quoting *United States v. Labella*, 15 M.J. 228, 229 (C.M.A. 1983) (per curiam)).

To prevail on a petition for a writ of mandamus, a petitioner "must show that: (1) there is no other adequate means to attain relief; (2) the right to issuance of the writ is clear and indisputable; and (3) the issuance of the writ is appropriate under the circumstances." *Hasan v. Gross*, 71 M.J. 416, 418 (C.A.A.F. 2012) (per curiam) (citing *Cheney*, 542 U.S. at 380–81; *see also In re KK*, 2023 CCA LEXIS 31, at \*10 (rejecting abuse of discretion as the standard to determine mandamus relief and endorsing the traditional mandamus standard in *Hasan*).

As a matter of discovery, "[a]fter service of charges, upon request of the defense, the Government shall permit the defense to inspect any . . . papers, documents, [or] data . . . or copies of portions of the items, if the item is within the possession, custody, or control of military authorities and . . . the item is relevant to defense preparation[.]" R.C.M. 701(a)(2)(A). Nevertheless, "Upon a sufficient showing, [a] military judge may at any time order that . . . discovery or inspection be denied, restricted, or deferred, or make such other order as is appropriate." R.C.M. 701(g)(2). This rule generally allows a military judge to "review any material in camera." *Id*. If the military judge does so, they "shall seal any materials examined in camera and not disclosed and may seal other materials as appropriate." *Id*.

Moreover, the Manual for Courts-Martial recognizes certain privileges that may limit the availability of evidence at courts-martial. In particular, Mil. R. Evid. 513(a) provides:

> A patient has a privilege to refuse to disclose and to prevent any other person from disclosing a confidential communication made between the patient and a psychotherapist or an assistant to the psychotherapist, in a case arising under the [UCMJ], if such communication was made for the purpose of facilitating diagnosis or treatment of the patient's mental or emotional condition.

In light of this privilege, Mil. R. Evid. 513(e)(2)

> requires a military judge to conduct a hearing before ordering the production or admission of "evidence of a patient's records or communication," defined as "testimony of a psychotherapist, or assistant to the same, or patient records *that pertain to* communications by a patient to a psychotherapist, or assistant to the same, for the purposes of diagnosis or treatment of the patient's mental or emotional condition."

*Mellette*, 82 M.J. at 379 (quoting Mil. R. Evid. 513(b)(5)). "The patient must be afforded a reasonable opportunity to attend the hearing and be heard." Mil. R. Evid. 513(e)(2). A "confidential communication made between the patient and a psychotherapist or an assistant" as referred to in Mil. R. Evid. 513(a) "does not naturally include other evidence, such as routine medical records, that do not memorialize actual communications between the patient and the psychotherapist." *Mellette*, 82 M.J. at 378. "[D]iagnoses and treatments contained within medical records [including mental health records] are not themselves uniformly privileged under [Mil. R. Evid.] 513." *Id.* at 375.

Paragraph (a) of Mil. R. Evid. 510(a), *Waiver of privilege by voluntary disclosure*, provides:

> A person upon whom these rules confer a privilege against disclosure of a confidential matter or communication waives the privilege if the person or the person's predecessor while holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the matter or communication under such circumstances that it would be inappropriate to allow the claim of privilege. This rule does not apply if the disclosure is itself a privileged communication.

### III. ANALYSIS

Petitioner alleges several errors in violation of her rights under Article 6b, UCMJ, specifically her right to be treated with fairness and with respect for her dignity and privacy. She claims the trial judge erred: (1) in determining Petitioner waived her privilege under Mil. R. Evid. 513; (2) in reviewing Petitioner's mental health records in camera; and (3) in determining a "constitutional exception" existed under Mil. R. Evid. 513 requiring discovery of some of these records.

We have carefully considered Petitioner's claims. We find Petitioner has failed to show the right to issuance of the writ is clear and indisputable and the issuance of the writ is appropriate under the circumstances. *See Hasan*, 71 M.J. at 418.

First, Petitioner has provided no binding authority for us to conclude the trial judge's application of Mil. R. Evid. 510 to determine whether Petitioner's waiver of the privilege under Mil. R. Evid. 513 was erroneous such that it is clear and indisputable that a writ should issue. Petitioner argues Mil. R. Evid. 513 should be interpreted to mean "a parent has the ability to assert but not waive their child's privilege." Petitioner acknowledges, however, "a jurisdictional split" on the issue of whether a parent may waive their minor child's privilege. Petitioner cites cases from other jurisdictions where the court found a parent could waive the privilege on behalf of the child when there is no adversarial relationship between parent and child, or when the parent is not waiving the privilege for their own interests. *See, e.g.*, *Garcia,* 254 So. 3d at 640. Petitioner has not provided any support for us to conclude Petitioner's mother was not acting in furtherance of Petitioner's best interests, was adversarial to Petitioner's interests, or was acting in pursuit of her own personal interests or that of someone else.

Second, Petitioner argues the trial judge erred by reviewing Petitioner's mental health records in camera. In this case, Petitioner's mother authorized the voluntary disclosure of certain records held by a civilian treatment facility about her daughter's treatment, and transfer to military law enforcement in furtherance of their investigation into the alleged crimes against the Real Party in Interest. If this is proper waiver, the in camera review procedures provided in Mil. R. Evid. 513(e)(3) do not apply to Petitioner's records because such procedures do not apply to records for which the privilege was waived. Petitioner does not provide authority for us to conclude the trial judge's in camera review of these mental health records was erroneous such that it is clear and indisputable that a writ should issue. We agree Mil. R. Evid. 513 has certain procedural requirements that must be met for an in camera review, but an in camera review is also authorized under other rules as well. *See, e.g.*,

R.C.M. 701(g)(2). On this record we cannot determine the trial judge's conclusions were erroneous.

Third, we reject Petitioner's argument that a writ should issue because the trial judge's determination of a constitutional exception to Mil. R. Evid. 513 violates Petitioner's right to privacy and fair proceedings. We agree the Congress has legislative authority over military justice and we acknowledge the language of Mil. R. Evid. 513 has changed over time. However, we note that recently our superior court, the United States Court of Appeals for the Armed Forces, expressly did not resolve the question "whether a constitutional exception to the privilege in [Mil. R. Evid.] 513 still exists." *In re B.M.*, 2024 CAAF LEXIS 201, at *17. We need not ourselves resolve this question here. We cannot conclude that the military judge's determination was "a judicial usurpation of power" or "characteristic of an erroneous practice which is likely to recur" where the underlying legal question remains unresolved. *In re KK*, 2023 CCA LEXIS 31, at *6.

Petitioner has not demonstrated the right to issuance of the writ she seeks is clear and indisputable, and she has therefore failed to show the appropriateness of the requested relief.

## IV. CONCLUSION

Petitioner's petition for extraordinary relief in the nature of a writ of mandamus under Article 6b, UCMJ, 10 U.S.C. § 806b, dated 9 June 2024, is **DENIED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court